*135 • ^Í.Qpi.nio'n op the Court, by "
Gfr. J..Bo3áE.íV*i¿$ivj
' < • i;US' w.a« an action of assumpsit, brought by Win-look? "and*Stockton against Lucy Monroe'as devisee, and othfers'a.s .infant heirs and devisees of John Monroe, cended,.for goods Sold by the plaintiff to the' .testator in bisliietime. - The infant heirs, by their guardian a¡d litem•, pleaded, - “ that the 'assets which' carite to thei.r hands had been sold by said Lucy,'by virtue of the au-thoaity vested in her under the will of said John^Mbn-rotgsffeceased, since the bringing of this suit, and that thej&Éfeye no estate by descent.” . '
Tb^His'plea the plaintiffs''replied, traversing its'alie.-gations;"ahd-issue was thereupon joined to trie country.. *136 infg’rit ^$cé the? co:mm^f4mt^is - - -■— -1- '---•J “*'- - defeiidai^'^c^that tbej sfioufd recover, :6f the dáfen-da^úücy,' the' damages. assessed by*'lhe' .juj^,. To thja.£.judgment tins wrif’of error is prosecuted'by the defendants in the court below. ,, , ■'
, We are clearly of opinión that thVdecláfátion isihjiuf;. ficient toí'enfitle The"' plaintiffs in' the 'court below'to maintain fheir action.1 'Pri’or'to the passage of the act subjecting, J'ands^to the payment of debts, no ,action wbuld, lié against the heirs and devisees, upon'any sim- ■ pié contract of their ancestor or devisor, nor upon any contract by specialty, unless the heir was expressly bound therein; and upon such contracts the only renjg-dy was by an action against the executor or admiiiistrator off tbedece&sed. By that act, an action, is given upon such po^tr?®ts against the heirs and devisees, or either; but if is pnly a.jpint action against them and the executor 9?,administrator; and the executor oyaclmin-ístrátór not being joined, in this action, witji theiheifs and deyiseés, it is evident that the action carinotTfe maifftaipfid under that act. By a subsequent act, pass-pd fhe, 9th of February 1819, a separate action is allowed io be brought against the heirs and devisees, upon pny contract oh which a joint action may be brought against them and the executor or administrator of tlje decedent,, where a judgment has been obtained therein in tthe, first instanc#,against the executor or admimáfgh-t$r,and it appears by a judgment of record, or byfhfe return of the proper officer, that there is not property in the hands of the executor or administrator, to satisfy the judgment, or where no person administers upon the goods, and chattels of the deceased, for the space of ope year after his death. But the act expressly provides, that “ in such actions the facts authorising the suit to be brought separately, shall be distinctly afver-red in the declaration.” ,1 Dig. L. K. 652. Now, in the declaration in this case, there is no averment of facts, upon the existence o,f which alone a separate ,action is allowed by this act to*,be , brought against ’the heirs and devisees, and the declaration must, therefore, be deemed insufficient. '
*137 „,>,ÍThe judgment ¿nu’st be revgrsecl wi|h_<fosts, and the Monroe, fea. ¿¿use be remanded',to the- circuit cou'fÍ,''tfi¿ít‘'the ,verd¡ct wrSJwnr &<- .■' ifijfcbe se.t^sipe^and the, piaintinss^eremiyeyjeave to ^e-nd^tEejir'declaration, soaS'tpsho^theMseilyes ehtl^- '-ri tie^p^hjniaiij tKeif action'in conform]í¿¿&' ííjis opirí-iom^iféieyllioüld offerto'do.so; and if iíbj:,‘ÜíaVthe ac- • tíon De cHsmlssecfwith costs. *v '